UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-276-MOC

| | |
|---|---|
| **TEVIN DAMATO FRIDAY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **BEN CARVER, et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Doc. 7].

**I.  BACKGROUND**

The pro se Plaintiff filed this civil rights suit pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of North Carolina, addressing incidents that allegedly occurred at the Marion Correctional Institution. [Doc. 1]. He then filed a Supplement in which he attempted to add new claims. [Doc. 10]. The Eastern District transferred the matter to this Court, where the Marion CI is located, without having conducted a frivolity review. [Doc. 11].

On February 12, 2024, the Court dismissed and denied the Supplement, informed the Plaintiff that piecemeal amendment will not be permitted, and granted him the opportunity to file a superseding Amended Complaint. [Doc. 14]. The Plaintiff was cautioned that, if he failed to amend, the Court would review the original Complaint for frivolity. [Id.]. The Plaintiff has not amended his Complaint and the time to do so has expired. [Id.]. Accordingly, the Court will review the original Complaint for frivolity.

The Plaintiff names as Defendants in their individual and official capacities: Ben Carver, the Marion CI warden; FNU Cothron, the assistant warden for programs; Caroline Watson, the administrative services manager; and FNU Bullis, the associate warden for custody and operations. He appears to assert claims for "[c]ruel and unusual punishment, deliberate indifference" and for "breach of contract." [Doc. 1 at 5-6]. He complains that: he arrived at Marion CI on August 17, 2022 where he agreed to enter the 13-month Rehabilitative Diversion Unit "RDU" program; he has been on 24-hour solitary confinement for more than 18 months, despite having no disciplinary action or restrictions and having completed "the phase;" he occasionally has one hour of recreation in a "cage;" he is in chains any time he leaves cell; he receives only one phone call per month rather than the two calls provided by NCDAC policy; he is on canteen restrictions; he was denied a winter coat; there was a dead mouse in his oatmeal once; he is forced to share a razor with other inmates; and he is being treated differently from other general population inmates. [Id. at 5-7]. For injury, he claims: "asthma attacks, severe anxiety attacks, and other mental illnesses," exposure to blood diseases; bumps on his face; an increase of his minimum release date; "degraded … human dignity;" and worsened prison conditions. [Id. at 7]. He seeks $250,000 in damages. [Id. at 6, 8].

II.  **STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III. DISCUSSION**

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. [See, e.g., Doc. 1 at 6 (referring to Officer Tony)]; see Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). The Plaintiff also uses vague terms and pronouns rather than identifying the individual(s) involved in each allegation. [See, e.g., Doc. 1 at 6 (referring to the "Officer in Command" and "the Correctional Officer")]. Such claims are too vague and

3

conclusory to proceed insofar as the Court is unable to determine the Defendant(s) to whom these allegations refer. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F. 3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). These claims are also nullities insofar as they refer to individuals not named as defendants in the caption as discussed *supra*. The allegations directed at individuals not named as Defendants, or which refer to non-parties, are therefore dismissed without prejudice.

The Plaintiff purports to sue the Defendants, who are prison officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants in their official capacities do not survive initial review and will be dismissed.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "The Eighth Amendment 'does not prohibit cruel and unusual prison conditions.'" Thorpe v. Clarke, 37 F.4th 926, 940 (4th Cir. 2022) (quoting Strickler v. Waters, 989 F.2d 1375, 1381 (4th

Cir. 1993)). "It asks instead whether the conditions of confinement inflict harm that is, objectively, sufficiently serious to deprive of minimal civilized necessities." Id. (citation omitted). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Extreme deprivations are required. Hudson v. McMillian, 503 U.S. 1, 9 (1992).

To establish an Eighth Amendment claim, an inmate must satisfy both an objective component—that the harm inflicted was sufficiently serious—and subjective component—that the prison official acted with a sufficiently culpable state of mind. Williams, 77 F.3d at 761. The Supreme Court has stated that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A supervisor can only be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between her inaction and the constitutional injury." Shaw v. Stroud, 13

F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted).

Here, Plaintiff's allegations are so vague and conclusory that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). He does not make any allegations about any Defendant's personal actions that would give rise to individual liability. Nor does he make any allegations that would support a plausible claim against them in their supervisory roles. It appears, instead, that he is relying on a respondeat superior theory that cannot proceed under § 1983. The Plaintiff's § 1983 claims will, therefore, be dismissed without prejudice.

To the extent that the Plaintiff attempts to assert a claim for breach of contract under North Carolina law, the Court declines to exercise supplemental jurisdiction, as no federal claim has passed initial review. See Artis v. Dist. Of Columbia, 583 U.S. 71, 74 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims."); 28 U.S.C. § 1367(c)(3). Accordingly, that claim is dismissed without prejudice.

### IV. CONCLUSION

In sum, the Complaint fails initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The claims against the Defendants for damages in their official capacities are dismissed with prejudice, and the remaining claims are dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon

6

which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his previous filings. Piecemeal amendment will not be allowed. Should Plaintiff fail to timely file an Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] fails initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2. The claims against the Defendants for damages in their official capacities are **DISMISSED WITH PREJUDICE**.

3. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to file an Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

Signed: April 16, 2024

Max O. Cogburn Jr
United States District Judge